IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHELLE MCGREW, ) | |
| ) | Bankruptcy No. 13-00149 |
| Debtor. ) | |
| ) | |
| MICHELLE MCGREW, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 15-09024 |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendant. ) | |

**RULING ON DISCHARGEABILITY OF TAX DEBT**

This matter came on for trial in Cedar Rapids. Kevin Ahrenholz appeared for Debtor/Plaintiff Michelle McGrew ("Debtor"). Martin McLaughlin appeared for Creditor/Defendant Internal Revenue Service ("IRS"). The Court took the matter under advisement. The parties filed post-hearing briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

STATEMENT OF THE CASE

After receiving her discharge, Debtor filed this adversary seeking a determination that all of her prepetition federal tax liability had been discharged. Debtor admits that she did not timely file tax returns for tax years 2000, 2001,

2004, 2005, 2006, 2007, or 2008, and that the IRS generated a Substitute for Return ("SFR") for each of these years. The parties agree that Debtor later filed her own tax returns for 2000, 2001, 2004, 2005, 2007, and 2008. The parties disagree about whether Debtor filed her own tax return for 2006.

The IRS argues that Debtor's tax debt for 2006 is not discharged because she did not file her 2006 tax return more than two years before her bankruptcy filing. Debtor argues that she filed her 2006 return when she filed her other returns.

The Court finds that the IRS did not meet its burden to show that Debtor did not file her 2006 tax return. As a result, Debtor's 2006 tax debt was discharged when she received her discharge in the bankruptcy.

## STATEMENT OF FACTS

Debtor did not timely file tax returns for 2000, 2001, 2004, 2005, 2006, 2007, or 2008. Debtor did not file her 2000 tax return because she knew she owed tax but could not afford to pay. Debtor testified that she was scared the next year because she had not filed for the previous year. Debtor continued to ignore her taxes out of fear—knowing that she owed, but being too scared to address it—and let the problem snowball as she continued to ignore her tax obligations.

The IRS generated and filed a SFR for Debtor for each of those years. The IRS prepares SFRs based on information from third-party sources to determine a taxpayer's tax liability when that taxpayer has not self-reported income in a return.

2

The IRS determined that, for those years, Debtor owed the IRS a total of $78,166.90 in taxes, interest, and penalties.

On September 15, 2010, the IRS began garnishing Debtor's wages. On October 5, 2010, Debtor contacted the IRS. Debtor was told that she needed to file tax returns for the missing years for the garnishment to stop. The IRS gave Debtor two addresses where she should send the returns. Debtor testified that she sent her tax returns for 2000, 2001, 2005, 2006, and 2007 to someplace in California and her tax returns for 2004, 2008, and 2009 (the current tax year) to the other address. Debtor testified that the IRS said she did not have to file returns for 2002 or 2003.

Debtor had to have the returns filed by October 10, 2010. She completed and mailed the returns all together. Debtor testified that she put each return in an individual envelope and then put all those envelopes in one of two mailers—for whichever address they were supposed to be sent. She claims she mailed them.

Debtor does not know why the IRS believes she did not file her 2006 returns. Debtor is certain that she filed all the returns—including the 2006 return.

On May 3, 2011, Debtor entered into an installment agreement with the IRS to pay the tax debts. She agreed to pay $300 per month, starting May 28, 2011. Debtor later defaulted on this installment agreement.

On February 8, 2013, Debtor filed her Chapter 7 bankruptcy petition. Trustee listed $109,421.67 in claims—$75,042.00 of which was back taxes to the

IRS—and scheduled all $109,421.67 of claims for discharge. On May 15, 2013, this Court granted Debtor a discharge. Nevertheless, the IRS has continued collection activities against Debtor.

On June 29, 2015, Debtor filed this adversary proceeding to seeking a determination that all her tax debts were discharged. Debtor alleges that the tax debts for all these years meet the requirements for discharge. In particular, she claims she filed the returns more than two years before her petition, as required for the taxes to be dischargeable.

In its answer, the IRS admitted that Debtor's tax debts for the years other than 2006 and 2007 were dischargeable because returns had been filed two years before filing. The IRS claimed, however, that Debtor did not ever file her 2006 or 2007 tax returns, and thus those years were not dischargeable. The IRS later discovered that Debtor did in fact file her 2007 tax return, and admitted the 2007 taxes were dischargeable. 2006 is now the only tax year at issue. The IRS continues to assert that Debtor never filed a tax return for the 2006 tax year and, thus, that Debtor's 2006 tax debt is nondischargeable.

Whether Debtor filed her 2006 tax return was the only issue for trial. Debtor did not submit a copy of her 2006 return at the hearing. Debtor submitted a copy of the IRS transcripts for tax years 2000–2008. The transcripts are IRS records. They are statements of account activity for each tax year. The entries

consist of a three-digit transaction code, an explanation of the transaction, a date, and a dollar amount. Some entries also have an 8 digit number under the "Cycle" column. At the top of each transcript is a summary of the account balance.

Based on the 2006 transcript, Debtor had $94,962.00 in income and owed $24,118.74 in taxes. These amounts are based on the 2006 SFR filed by the IRS. Debtor testified that she did not make that much money in 2006. Debtor testified that, although she did have gambling winnings and additional side construction jobs that increased her income that year, it was not $94,000. Debtor recalled that the 2006 return she filed showed a lower amount, but could not remember exactly how much. Debtor reiterated that she has never made $94,000 in a year.

Debtor testified, however, that she did not contest the 2010 installment payment agreement, which used the 2006 SFR amount. Debtor testified that she did not contest this amount because she never compared her 2006 tax return to what the IRS claimed she owed the IRS for 2006. Debtor testified that she thought the IRS knew what it was doing. She simply went along with the IRS amounts. Debtor testified that she did not know how much she owed the IRS in total or for each year. Debtor assumed that the 2006 amount was higher due to penalties and interest because she was so far behind, not because of $94,000 of income.

Debtor also submitted a letter from the IRS dated November 3, 2011. The letter states that it is regarding tax years 2000, 2001, 2005, 2006, and 2007. In that

letter, the IRS stated that it could not enter into an installment agreement with Debtor because she had not filed her tax return for 2009. While the letter refers to 2006, it says nothing about Debtor needing to file a tax return for 2006.

The IRS called Joyce Kirkpatrick, an IRS bankruptcy specialist, to testify about the transcripts. Kirkpatrick testified that she had no personal knowledge of these issues—she had neither entered the information nor knew anything about Debtor's taxes apart from what the transcripts showed. Kirkpatrick was, however, familiar with IRS transcripts generally and testified about what the entries mean.

Kirkpatrick testified that transaction code 150 means that the IRS prepared a SFR for that tax year. On all of the transcripts except 2002, there is an entry coded 150 and explained on the transcript as "Substitute tax return prepared by IRS." On each of the transcripts with a code 150, there is, sometime later, at least one entry coded 599 with the description "tax return filed." Kirkpatrick testified that a code 599 is entered whenever an SFR is filed. Kirkpatrick testified that a code 599 will be entered again whenever a taxpayer files a tax return to replace the SFR.

For example, for 2005, there are two entries coded 599 and explained on the transcript as "Tax return filed." There is a code 599 "Tax return filed" that is dated March 22, 2010. There is then another code 599 "Tax return filed," dated October 12, 2010. Kirkpatrick testified that, even though the first entry is described as "Tax return filed" it actually corresponds to the SFR, not Debtor's return.

6

Kirkpatrick testified that the second entry corresponds to Debtor filing her own return. The transcripts for every year except 2002 (when no SFR was prepared) and 2006 (the year at issue) have two entries coded 599.

Kirkpatrick testified that the IRS prepared a SFR for Debtor for 2006 because transaction code 150 was present on the transcript. Also on the transcript is an entry coded 599, labeled "tax return filed," and dated March 22, 2010. Kirkpatrick testified that this entry corresponds to the IRS filing the SFR, not Debtor filing her own tax return. There is no other transaction entry coded 599.

Kirkpatrick testified that, had Debtor filed a return for 2006 that showed less income than the IRS' assessment, the transcript would have a second transaction code 599. She also testified that it would also have a code 271 to show that the IRS had abated taxes and interest based on Debtor's tax return. Kirkpatrick testified that, based on the transcript, the IRS never received a 2006 tax return.

Kirkpatrick testified that the IRS can enter into an installment agreement even if Debtor has not filed a return, as long as the IRS has prepared a SFR for the relevant tax year. Kirkpatrick also testified that, in her 30 years with the IRS, she has never experienced or observed the IRS losing a return.

## DISCUSSION

At trial, the Court asked the parties for their positions on whether the SFR prepared and filed by the IRS for 2006 qualified as a "return" for dischargeability

7

purposes. The Court noted that if the SFR does in fact qualify as a "return," the 2006 taxes are dischargeable and there is no need for the Court to decide whether Debtor filed a tax return for 2006.

Debtor argued that the SFR fulfills all of the functions of a return—the transcript itself even codes it as a return—and so should be considered a return. The IRS argued that the government has an interest in taxpayers self-reporting their tax liability and that an SFR does not fulfill that function. The IRS argues that, when the IRS prepares an SFR, it does so without the benefit of a taxpayers self-reporting, and so the exception should not apply.

Debtor received a discharge under 11 U.S.C. § 727 on May 15, 2013. Section 523 sets out certain exceptions to a discharge under § 727. 11 U.S.C. § 523 (2012). Section 523 states:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given; or . . . . was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition

11 U.S.C. § 523(a), (a)(1). "Congress shed further light on the operation of this statutory provision in 2005, with the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act[, which] added an unnumbered 'hanging paragraph' commonly denoted as section 523(a)(*)." In re Nilsen v. Massachusetts Dep't of

8

Revenue, No. 16-10148, 2016 WL 4639133, at *3 (D. Mass. Sept. 6, 2016). This hanging paragraph at the end of § 523(a) states:

> For purposes of this subsection, the term **"return" means a return that satisfies the requirements of applicable nonbankruptcy law** (including applicable filing requirements). **Such term includes a return prepared pursuant to section 6020(a)** of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, **but does not include a return made pursuant to section 6020(b)** of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a) (emphasis added). Thus, § 523 expressly discusses two kinds of returns under Internal Revenue Code § 6020: § 6020(a) returns, which qualify as returns, and § 6020(b) returns, which do not.

Section 6020(a) authorizes the Secretary to prepare a return for a taxpayer who has failed to file a return, but who has disclosed "all information necessary for the preparation" of the return to the IRS and then signed the return. I.R.C. § 6020(a). Such a return "may be received by the Secretary as the return of such person." Id. This kind of return qualifies as a "return" under 11 U.S.C. § 523(a).

Section 6020(b) authorizes the Secretary to prepare a return for a taxpayer who has failed to file a return from Secretary's "own knowledge and from such information as he can obtain through testimony or otherwise." I.R.C. § 6020(b).

The SFR at issue in this case falls under § 6020(b) and thus is not a return under § 523. Kirkpatrick testified that SFRs are prepared from information from third-parties—not information provided by taxpayers. Debtor did not disclose the

information that the IRS used to prepare the SFR. She also did not sign the SFR. Debtor testified that, although she may have received something from the IRS before the garnishment began, she ignored it. Debtor's income was garnished starting in September, 2010. The IRS prepared the SFR in May, 2009 and filed it in March, 2010. Because the IRS prepared the SFR under § 6020(b), the 2006 SFR is not a "return" under 11 U.S.C. § 523(a).

The parties dispute only whether Debtor filed her 2006 return not whether that late-filed return qualifies as a "return" under § 523. The Court notes that, although this issue is not in dispute, the law about whether a delinquent return is a "return" under § 523 is not settled. Some circuits have held that § 523(a)(*)'s language that a return must meet "the requirements of applicable nonbankruptcy law (including applicable filing requirements)" means that, if a return is even a day late, the taxes for that year are not dischargeable. Fahey v. Mass. Dep't of Revenue (In re Fahey), 779 F.3d 1, 4 (1st Cir. 2015); Mallo v. Internal Revenue Serv. (In re Mallo), 774 F.3d 1313, 1321 (10th Cir. 2014); In re McCoy, 666 F.3d 924, 932 (5th Cir. 2012). The proper resolution of this issue is the subject of disagreement among courts. See Fahey, 779 F.3d at 11–18 (Thompson C.J., dissenting). Some courts criticize the result reached by the circuits as "draconian." Biggers v. Internal Revenue Service, 2016 WL 5121893 (M.D. Tenn. Oct. 9, 2016); see also Maitland v. New Jersey Div. of Taxation (In re Maitland), 531 B.R.

10

516, 520–22 (Bankr. D.N.J. 2015) (setting out five reasons the court rejected the one-day-late rule). There is no controlling post-BAPCPA Eighth Circuit law on this issue but the circuit has looked to pre-BAPCPA authority for guidance. See Colsen v. United States (In re Colsen), 446 F.3d 836, 839–41 (8th Cir. 2006) (citing Beard v. Comm'r of Internal Revenue, 82 T.C. 766 (1984), aff'd sub nom. Beard v. C.I.R., 793 F.2d 139 (6th Cir. 1986)). The Eighth Circuit has said that when applying the Beard test (which says that a document is a return if it "contains sufficient information to permit a tax to be calculated," "purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law") courts should not consider delinquency in filing. Id. Nevertheless, because the parties dispute only whether Debtor filed her 2006 return—not whether that return qualifies as a "return" under § 523—these issues are not squarely before this Court.

As a result, the Court addresses only whether Debtor actually filed her 2006 tax return to determine if the 2006 tax debt was discharged. The parties do not dispute any other issue related to the dischargeability of the 2006 tax debt. They agree that dischargeability turns on whether Debtor filed her 2006 tax return.

Debtor argues that she filed her 2006 tax return and that the IRS lost it. Debtor points to a couple statements the IRS itself made. Debtor first notes that the IRS initially claimed that it never received her 2006 or 2007 tax return. Months after Debtor filed her 2007 return, the IRS agreed that it had the 2007

return and the 2007 taxes were dischargeable. Debtor next points to a letter from the IRS, noting the IRS could not enter into an installment payment agreement because it had not received Debtor's 2009 tax return. Debtor believes this shows that the IRS received her 2006 tax return because the IRS mentions only the 2009 return as missing, not 2006 return.

Debtor also argues that the IRS received her 2006 tax return because it stopped garnishing her wages after she filed her returns and entered into the installment agreement with the IRS. Debtor further notes that she was the only witness with personal knowledge of whether she filed her return—Kirkpatrick knew nothing of Debtor's case and could only describe procedure. Debtor argues that Debtor's own testimony should resolve the issue.

The IRS argues that Debtor provided no proof that she filed her 2006 tax return. The IRS notes that Debtor did not produce or offer a copy of the return she said she filed. The IRS argues that its transcripts show only one code 599 "Tax return filed," dated before Debtor claims she filed her return. The IRS points out that the 2007 transcript shows that Debtor filed her 2007 return on June 21, 2011, and that the IRS abated $2,151.70 of Debtor's tax deficiency as a result. The IRS argues that, had Debtor filed her 2006 tax return showing a lower income, the transcript would have a similar entry and taxes would have been abated.

The creditor has the burden to prove by a preponderance of the evidence that a debt is nondischargeable in an adversary proceeding under § 523.  Grogan v. Garner, 498 U.S. 279, 291 (1991); see also Colsen v. United States (In re Colsen), 311 B.R. 765, 768 (Bankr. N.D. Iowa 2004), aff'd, 322 B.R. 118 (B.A.P. 8th Cir. 2005), aff'd, 446 F.3d 836 (8th Cir. 2006) ("The government's position is that the debt for the 1992–1996 tax years is nondischargeable . . . for Colsen's failure to file 'returns' . . . . The burden of proof in this action is on the United States."). Even though Debtor is the plaintiff, the United States has the burden of proof. Werner v. Hoffmann, 5 F.3d 1170, 1172 (8th Cir. 1993); Colsen, 311 B.R. at 768.

After reviewing the complex record in this case, Court finds that the IRS did not prove by a preponderance of the evidence that Debtor failed to file her 2006 tax return.  The Court explains how it resolved this close and difficult issue as follows.

First, Debtor provided a firsthand account of preparing and mailing all of her returns—including her 2006 return—to the addresses the IRS provided.  The IRS never answered this testimony.  Debtor's testimony was credible.  The Court believes her testimony that she filed her 2006 return.

Second, the fact that Debtor's 2006 return is not reflected on the IRS transcript is not dispositive.  Debtor's undisputed testimony was that she mailed her returns for 2000, 2001, 2005, 2006, and 2007 together in the same envelope. The transcripts for 2000, 2001, and 2005 show that the IRS entered those returns

13

into its records on October 12, 2010. The IRS did not enter Debtor's 2007 return, however, until June 21, 2011—eight months after it entered the other returns. Thus, for eight months, the IRS had Debtor's 2007 return, but either temporarily misplaced it or forgot to record it. The IRS never explained why 2007 was recorded eight months after the other returns. This evidence tends to show that the IRS may have received a 2006 return, but did not reflect that fact on the transcript.

As a result, the Court finds that the IRS has not proven by a preponderance of the evidence that Debtor did not file her 2006 return. Thus, Debtor's 2006 tax debt was discharged under § 523(a)(1)(B).

## CONCLUSION

**WHEREFORE**, Debtor's Complaint to Determine Dischargeability is GRANTED.

**FURTHER**, Judgment is hereby entered in favor of Plaintiff.

Dated and Entered:  October 13,  2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE